UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

| | | |
|---|---|---|
| KATRINA BERGER, Individually and on Behalf of All Others Similarly Situated,<br><br>      Plaintiff,<br><br>vs.<br><br>JETBLUE AIRWAYS CORPORATION and AMERICAN AIRLINES GROUP INC.,<br><br>      Defendants. | : : : : : : : : : : : : : | Civil Action No. 1:22-cv-07374-AMD-TAM<br><br>MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION TO CONSOLIDATE RELATED ACTIONS AND FOR APPOINTMENT OF INTERIM CO-LEAD CLASS COUNSEL |
| TONI GUERIN, Individually and on Behalf of All Others Similarly Situated,<br><br>      Plaintiff,<br><br>vs.<br><br>JETBLUE AIRWAYS CORPORATION and AMERICAN AIRLINES GROUP INC.,<br><br>      Defendants. | : : : : : : : : : : : : : | Civil Action No. 1:22-cv-07423-AMD-SJB |

## TABLE OF CONTENTS

|   |   |   | Page |
|---|---|---|---|
| I. | INTRODUCTION | | 1 |
| II. | ARGUMENT | | 2 |
| | A. | Consolidation of the Actions is Warranted | 2 |
| | | 1. The Actions Share Numerous Common Factual and Legal Issues | 2 |
| | | 2. Consolidation Will Further the Convenience of the Parties and Witnesses | 3 |
| | | 3. Consolidation Will Not Prejudice Any Party | 4 |
| | B. | The Appointment of Interim Co-Lead Class Counsel is in the Best Interests of the Putative Class | 4 |
| | | 1. Robbins Geller and Israel David Have Performed Substantial Work Identifying and Investigating the Claims in This Action | 5 |
| | | 2. Robbins Geller and Israel David Are Highly Experienced in Handling Complex Class Action Litigations | 6 |
| | 3. | Robbins Geller and Israel David Attorneys Are Highly Knowledgeable Regarding the Applicable Law | 9 |
| | 4. | Robbins Geller and Israel David Have the Resources Necessary to Effectively Represent the Class and Fund the Litigation | 10 |

# TABLE OF AUTHORITIES

**Page**

**CASES**

*Barkley v. Olympia Mortg. Co.*,
   557 F. App'x 22 (2d Cir. 2014) ............................................................................................2

*Brook v. AT&T Cellular Servs.*,
   2003 WL 21911123 (S.D.N.Y. Aug. 11, 2003) ....................................................................3

*DIK Drug Co. v. Altana Pharma AG*,
   2008 WL 320528 (D.N.J. Jan. 31, 2008) ..............................................................................3

*In re Air Cargo Shipping Servs. Antitrust Litig.*,
   240 F.R.D. 56 (E.D.N.Y. 2006) ............................................................................................4

*In re Cavanaugh*,
   306 F.3d 726 (9th Cir. 2002) ...............................................................................................10

*In re Currency Conversion Fee Antitrust Litig.*,
   263 F.R.D. 110 (S.D.N.Y. 2009), *aff'd. Priceline.com, Inc. v. Silberman*,
   405 F. App'x 532 (2d Cir. 2010) ..........................................................................................7

*In re Enron Corp. Sec. Deriv. & "ERISA" Litig.*,
   529 F. Supp. 2d 64 (S.D. Tex. 2006) ....................................................................................7

*In re Insulin Pricing Litig.*,
   2020 WL 5642002 (D.N.J. Sept. 22, 2020) .........................................................................3

*In re Prudential Sec. Inc. Ltd. P'ships. Litig.*,
   158 F.R.D. 562 (S.D.N.Y. 1994) ..........................................................................................4

*Johnson v. Celotex Corp.*,
   899 F.2d 1281 (2d Cir. 1990) ................................................................................................2

*Landis v. N. Am. Co.*,
   299 U.S. 248 (1936) ..............................................................................................................2

*Pinkowitz v. Elan Corp., PLC*,
   2002 WL 1822118 (S.D.N.Y. July 29, 2002) .......................................................................2

*Primavera Familienstiftung v. Askin*,
   173 F.R.D. 115 (S.D.N.Y. 1997) ..........................................................................................2

4880-1185-1333.v1

**STATUTES, RULES AND REGULATIONS**

Federal Rules of Civil Procedure
    Rule 23 ................................................................................................................................5
    Rule 23(c)(1) ........................................................................................................................5
    Rule 23(g)(1) ........................................................................................................................5
    Rule 23(g)(3) ........................................................................................................................5
    Rule 23(g)(l) .........................................................................................................................5
    Rule 42 .................................................................................................................................1
    Rule 42(a) ....................................................................................................................2, 3, 4

**SECONDARY AUTHORITIES**

5 James W. Moore et al., *Moore's Federal Practice* §23.120[3][a]
    (3d ed. 2022) ........................................................................................................................5

## I. INTRODUCTION

There are currently two federal antitrust cases against American Airlines Group Inc. ("American") and JetBlue Airways Corporation ("JetBlue") (collectively, "defendants") pending in this District. The first action, *Berger v. JetBlue Airways Corp.*, No. 1:22-cv-07374, was filed on December 5, 2022, and the second action, *Guerin v. JetBlue Airways Corp.*, No. 1:22-cv-07423, was filed a couple days later. Both cases make nearly identical factual allegations against American and JetBlue regarding a July 2020 alliance that combines the airlines' operations at four major airports in the Northeast: Boston Logan International Airport, John F. Kennedy International Airport ("JFK"), LaGuardia Airport ("LaGuardia"), and Newark Liberty International Airport. Both cases bring the same claims, rely on the same legal theories, name the same defendants, and bring claims on behalf of identical Classes.

Because the disposition of each claim will turn on the adjudication of the same issues and the same conduct, consolidation under Rule 42 of the Federal Rules of Civil Procedure regarding the *Berger* and *Guerin* cases is warranted. The actions at issue easily satisfy the prerequisites for consolidation as: (i) they involve common issues of fact or law; (ii) consolidation will result in a more efficient process for this Court, counsel, and the witnesses who will be called upon to testify at deposition and trial; and (iii) no prejudice will result. None of the parties dispute consolidation.

To further promote litigation economy and efficiency and avoid undue delay, plaintiffs Katrina Berger and Toni Guerin (collectively, "plaintiffs") also move for the appointment of Robbins Geller Rudman & Dowd LLP ("Robbins Geller") and Israel David LLC ("Israel David") as Interim Co-Lead Class Counsel in the consolidated action.

## II. ARGUMENT

### A. Consolidation of the Actions is Warranted

Rule 42(a) authorizes a court to consolidate separate actions if the actions involve common questions of law or fact. *See* Fed. R. Civ. P. 42(a). Once the Court has made this determination, it "has broad discretion to determine whether consolidation is appropriate." *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990); *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) (the power to consolidate related actions falls within the inherent authority of every court "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants").[1]

> In making this determination, the court considers "[w]hether the specific risks of prejudice and possible confusion [are] overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses, and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives."

*Barkley v. Olympia Mortg. Co.*, 557 F. App'x 22, 25 (2d Cir. 2014) (quoting *Celotex Corp.*, 899 F.2d at 1285). Rule 42(a) does not require that the actions be identical before they can be consolidated. *See Pinkowitz v. Elan Corp., PLC*, 2002 WL 1822118, at *3 (S.D.N.Y. July 29, 2002). As long as any confusion or prejudice does not outweigh efficiency concerns, consolidation is appropriate. *See Primavera Familienstiftung v. Askin*, 173 F.R.D. 115, 129 (S.D.N.Y. 1997).

#### 1. The Actions Share Numerous Common Factual and Legal Issues

The only requirement set out in Rule 42(a) for consolidation is that the cases involve "a common question of law or fact." Fed. R. Civ. P 42(a).

---

[1] Citations are omitted, unless otherwise stated.

This is plainly met here. Each case arises out of an alliance between JetBlue and American. The complaints allege that, through the alliance, JetBlue and American committed to combine their operations at four airports, by pooling revenues, coordinating on all aspects of network planning, marketing each other's flights, and agreeing to pool their slots at JFK and LaGuardia. Both cases likewise assert that the actions of defendants violate federal antitrust laws. Therefore, the two cases center around the same conduct with nearly identical facts.

Courts routinely consolidate cases when this occurs. *Brook v. AT&T Cellular Servs.*, 2003 WL 21911123, at *1 (S.D.N.Y. Aug. 11, 2003) (consolidating under Rule 42(a) a series of antitrust class action cases brought against national wireless services carriers); *DIK Drug Co. v. Altana Pharma AG*, 2008 WL 320528, at *1-*2 (D.N.J. Jan. 31, 2008) (consolidating three antitrust cases concerning the blocking of generic drug competition for Protonix, in alleged violation of the Sherman Act); *In re Insulin Pricing Litig.*, 2020 WL 5642002, at *4-*5 (D.N.J. Sept. 22, 2020) (consolidating various actions brought against drug manufacturers relating to alleged price fixing of the benchmark prices of insulins). So, too, here the cases challenge the same conduct by the same defendants in violation of federal antitrust laws.

### 2. Consolidation Will Further the Convenience of the Parties and Witnesses

In this case, consolidation is highly appropriate as there are virtually no costs in consolidation, only substantial benefits. For example, plaintiffs anticipate that they will seek to depose the same individuals from defendants and the production of substantially the same documents. Without consolidation, there will be duplicative discovery demands and the possibility of inconsistent adjudication on a number of issues, including class certification. Consolidation will solve this problem by enabling a single judge with all the parties present to formulate a pretrial plan

that will minimize witness inconvenience and overall expense for all parties. Obviously, the savings in time and expense that will result from consolidation will benefit plaintiffs as well as defendants.

### 3. Consolidation Will Not Prejudice Any Party

None of the parties in these cases will be prejudiced by consolidation. The complaints have all been recently filed and none of the cases has proceeded to a point where consolidation would create an undue delay.

If the cases are not consolidated, the *Berger* and *Guerin* Courts will be required to make legal and factual determinations inherent to antitrust class actions in each individual case, creating unnecessary work for all parties and the Court. *In re Prudential Sec. Inc. Ltd. P'ships. Litig.*, 158 F.R.D. 562, 570 (S.D.N.Y. 1994) ("Avoiding unnecessary paperwork is a proper reason to use a consolidated complaint for pretrial purposes.").

The two cases before this Court therefore have identical fact patterns and common questions of law and fact. Plaintiffs submit that the Court would benefit from having a single judge oversee one consolidated case to avoid duplicative efforts and inconsistent rulings. This is in keeping with Rule 42(a).

### B. The Appointment of Interim Co-Lead Class Counsel is in the Best Interests of the Putative Class

The utility of appointing interim class counsel in representative lawsuits such as this one has consistently been recognized by federal courts. *In re Air Cargo Shipping Servs. Antitrust Litig.*, 240 F.R.D. 56, 57 (E.D.N.Y. 2006) ("In cases such as this, where multiple overlapping and duplicative class actions have been transferred to a single district for the coordination of pretrial proceedings, designation of interim class counsel is encouraged, and indeed is probably essential for efficient case management.").

Rule 23(g)(3) authorizes the Court to "designate interim class counsel to act on behalf of a putative class before determining whether to certify the action as a class action." Fed. R. Civ. P. 23(g)(3). As the Committee Notes to the 2003 amendments to Rule 23 emphasize, designation of interim class counsel prior to certification is appropriate because

> it will usually be important for an attorney to take action to prepare for the certification decision. The amendment to Rule 23(c)(1) recognizes that some discovery is often necessary for that determination. It may also be important to make or respond to motions before certification. . . . [Rule 23(g)(3)] authorizes the court to designate interim counsel to act on behalf of the putative class before the certification decision is made.

Fed. R. Civ. P. 23 advisory committee's note to 2003 amendment.

Rule 23(g)(1) directs the Court to appoint interim class counsel who will "fairly and adequately represent the interests of the class." Rule 23(g)(1) further states that the Court must consider the following factors in appointing interim class counsel:

> (i) [T]he work counsel has done in identifying or investigation potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in the action; (iii) counsel's knowledge of the applicable law; (iv) and the resources counsel will commit to representing the class.

Fed. R. Civ. P. 23(g)(1).

The appointment of Robbins Geller and Israel David as Interim Co-Lead Class Counsel satisfies the requirements of Rule 23(g)(l). Robbins Geller and Israel David also satisfy the requirements of Rule 23(g)(3), which permits the designation of interim class counsel to act on behalf of a putative Class before the determination of whether to certify the action as a class action.

### 1. Robbins Geller and Israel David Have Performed Substantial Work Identifying and Investigating the Claims in This Action

It is significant that Robbins Geller and Israel David have spent substantial time and resources developing these cases. *See* 5 James W. Moore et al., *Moore's Federal Practice* §23.120[3][a] (3d ed. 2022) (the court should consider whether an attorney has undertaken "the

process of drafting the complaint [which] requires investigatory and analytical effort"). Specifically, before filing complaints on behalf of their respective clients, Robbins Geller and Israel David have:

- Examined the structure and characteristics of the market for airline flights out of airports in the United States;

- Researched and monitored the Department of Justice's ongoing litigation against JetBlue and American stemming from the agreements at issue here;

- Researched the various factual means by which defendants facilitated their agreements;

- Investigated and analyzed the market for airline flights out of airports in the United States, including the practices at issue here;

- Analyzed historic and present pricing patterns related to airline flights out of airports in the United States; and

- Evaluated defendants' market share and concentration.

### 2. Robbins Geller and Israel David Are Highly Experienced in Handling Complex Class Action Litigations

The attorneys at Robbins Geller and Israel David are well-known and highly regarded for their broad and deep experience handling complex and class action litigation, including within the antitrust bar. As set forth below, the extensive experience of Robbins Geller and Israel David will best serve the proposed Class.

**Robbins Geller**. With 200 attorneys practicing in 9 offices across the country, Robbins Geller is the nation's largest plaintiffs' law firm actively engaged in complex class action litigation, and among the nation's most experienced antitrust law firms. *See* Ex. A (Robbins Geller firm résumé), attached hereto. Through tireless advocacy and relentless pursuit, Robbins Geller has obtained some of the largest antitrust recoveries in history, including, *e.g.*, the following:

- *In re Payment Card Interchange Fee & Merch. Disc. Antitrust Litig.*, No. 05-md-1720 (E.D.N.Y.) ($5.5 billion recovery, currently on appeal);

- *Dahl v. Bain Cap. Partners, LLC*, No. 07-cv-12388 (D. Mass.) ($590.5 million recovery);

- *Alaska Elec. Pension Fund v. Bank of Am. Corp.*, No. 14-cv-07126 (S.D.N.Y.) ($504 million recovery);

- *In re SSA Bonds Antitrust Litig.*, No. 16-cv-03711 (S.D.N.Y) ($95.5 million recovery);

- *In re EpiPen (Epinephrine Injection, USP) Mktg., Sales Pracs. & Antitrust Litig.*, No. 17-md-02785 (D. Kan.) ($345 million); and

- *In re Currency Conversion Fee Antitrust Litig.*, No. 01-md-01409 (S.D.N.Y.) ($336 million recovery).

*See id.* at 9-10, 24.

Courts have regularly praised Robbins Geller's attorneys for the superior results achieved. For example, in *In re Currency Conversion Fee Antitrust Litig.*, the court applauded counsel for providing "extraordinarily high-quality representation" and for litigating with "enormous attention to detail and unflagging devotion to the cause." 263 F.R.D. 110, 129 (S.D.N.Y. 2009), *aff'd. Priceline.com, Inc. v. Silberman*, 405 F. App'x 532 (2d Cir. 2010). Approving the $336 million settlement, Judge William H. Pauley III recognized that Robbins Geller had "represented the Class with a high degree of professionalism, and vigorously litigated every issue against some of the ablest lawyers in the antitrust defense bar." *Id.* Similarly, after obtaining $400 million on the eve of trial, Judge Alvin K. Hellerstein commended Robbins Geller, recognizing:

> Without the quality and the toughness that you have exhibited, our society would not be as good as it is with all its problems. So from me to you is a vote of thanks for devoting yourself to this work and doing it well. . . . You did a really good job. Congratulations.

*Jones v. Pfizer, Inc.*, No. 1:10-cv-03864, ECF No. 502, Hr'g Tr. at 42-43 (S.D.N.Y. Aug. 10, 2015). In *In re Enron Corp. Sec. Deriv. & "ERISA" Litig.*, the court noted that the firm is "comprised of probably the most prominent securities class action attorneys in the country." 529 F. Supp. 2d 644, 675 (S.D. Tex. 2006).

There are other examples of appointments of our firms to cases like this one, confirming our depth of experience necessary to move this case forward effectively. Moreover, in the *In re Google Advert. Antitrust Litig.*, No. 21-MD-03010-PKC (S.D.N.Y), Robbins Geller represents more than 200 newspapers in actions challenging Google's and Facebook's anticompetitive conduct in the market for display advertising and related technology services. As set forth above, Robbins Geller has secured billions in recoveries in various antitrust matters. Ex. A at 1-2. These and other cases demonstrate the Firm's unique and broad-based experience litigating cases in the antitrust arena.

These sentiments are reflected in the various commendations Robbins Geller has received from premier legal ranking organizations, including *Chambers USA*, *Benchmark Plaintiff* and *The Legal 500*. Robbins Geller's recent accolades include being selected as one of America's Elite Trial Lawyers by *The National Law Journal*, one of the Most Feared Litigation Firms by BTI Consulting and Most Feared Plaintiffs' Firms by *Law360*, a top plaintiff firm by *The Legal 500*, a Band 1 firm by *Chambers USA*, a "Highly Recommended" plaintiffs' firm by Benchmark Litigation, and a national "Best Law Firm" by *U.S. News – Best Lawyers*. Robbins Geller's demonstrated antitrust expertise will promote efficiencies and provide real and direct benefits to the Class.

Plaintiffs and the Class here will benefit from the significant experience and synergies these seasoned trial attorneys have developed successfully prosecuting complex antitrust class actions.

**Israel David**. Israel David is a diverse and growing litigation boutique formed in October 2022 by Israel David. Immediately prior to forming the firm, Mr. David spent 26 years in the Litigation Department of the elite international law firm Fried, Frank, Harris, Shriver & Jacobson LLP, including the last 17 years as a prominent partner at that firm. Mr. David has earned a national reputation for successfully leading and co-leading the representation of prominent defendants in

some of the most high-profile and largest complex class action lawsuits nationwide in the last quarter-century. Among numerous other class action lawsuits, these include:

- Leading the representation of the President of Lehman Brothers in numerous lawsuits nationwide – including the consolidated class action securities litigation in the Southern District of New York – arising out of the collapse of Lehman Brothers, likely the largest corporate financial collapse in U.S. history.

- Co-leading the representation of Wells Fargo & Company, its predecessor Wachovia Corporation, and Wachovia's senior-most officers and directors in the consolidated class action securities litigation in the Southern District of New York arising out of the financial collapse of Wachovia. The lawsuit (with alleged losses of approximately $109 billion) is considered to be one of the largest class action securities fraud lawsuits in U.S. history to have obtained a complete dismissal.

- Co-leading the representation of all the underwriters of the General Motors Company 2010 IPO – the then-largest IPO in U.S. history – in a class action securities litigation in the Southern District of New York.

- Co-leading the representation of eight globally leading banks in a class action securities litigation in the Southern District of New York involving the issuance of approximately $26 billion of Residential Mortgage-Backed Securities.

- Co-leading the representation of two members of the Board of Directors of The Weinstein Company in the high-profile sexual-assault class action lawsuit in the Southern District of New York, arising out of the well-publicized claims of sexual assault allegedly committed by that company's Chief Executive Officer.

As detailed in the attached firm résumé (*see* Ex. B (Israel David firm résumé)), other Israel David attorneys add a wealth of experience and diversity to the team, including a former associate at a global plaintiffs-side law firm with broad experience prosecuting antitrust and data-privacy class action lawsuits nationwide, a former senior associate at an elite Texas litigation firm, and a former Assistant District Attorney with the Manhattan District Attorney's Office.

### 3. Robbins Geller and Israel David Attorneys Are Highly Knowledgeable Regarding the Applicable Law

As discussed above, Robbins Geller and Israel David attorneys have broad and deep experience successfully litigating antitrust and other complex class actions. They have extensive knowledge of the substantive and procedural law and, combined, they have spent decades

- 9 -
4880-1185-1333.v1

developing an expertise in applying that knowledge to effectively and efficiently prosecute complex antitrust and other class actions.

### 4. Robbins Geller and Israel David Have the Resources Necessary to Effectively Represent the Class and Fund the Litigation

In cases such as this one, where the proposed Class faces well-capitalized adversaries represented by capable and well-funded counsel, the proposed Class likewise should be afforded representation by counsel with similar resources. This Court must satisfy itself that counsel will commit sufficient attorney time and financial resources to vigorously prosecute the putative Class's claims. Robbins Geller and Israel David clearly meet this standard.

Robbins Geller and Israel David are extremely well-capitalized and possess superior investigatory, financial and litigation resources, which will enable them to aggressively represent the Class effectively and efficiently. *Cf. In re Cavanaugh*, 306 F.3d 726, 735 (9th Cir. 2002) ("[A]n aggressive, competent lawyer can make a substantial difference in the outcome of the case."). Proof of their combined resources and capabilities lies in Robbins Geller's multi-decades track record successfully prosecuting complex actions requiring tremendous commitments of financial and litigation resources. Indeed, Robbins Geller is highly acclaimed (and well-respected) for consistently advancing litigation costs in matters of comparable or even greater size and complexity. The firms understand the demands of these cases and will deploy all resources necessary to investigate and prosecute these cases vigorously on behalf of the proposed Class.

Supporting both Robbins Geller's attorneys are experienced paralegals, data analysts, in-house forensic accountants, investigators, and litigation support specialists with access to cutting-edge information technology. The firm's technology resources are important, as over the last decade, electronic discovery has transformed litigation practices and enabled the preservation, collection, production, and review of vast quantities of documents far more efficiently and cost-

effectively than was previously possible. And, for example, Robbins Geller has undertaken much of the technology services typically outsourced to third-party providers and has developed state-of-the-art resources to manage the production, storage, processing, analysis, printing and review of electronic discovery. The firm's in-house system consists of over 58 servers and currently consumes approximately 168 terabytes of storage all located in a SSAE 16 Type II data center, with another 168 terabytes of storage which serves as back up in a separate location with automatic replication. Users can login securely, view, search, download, code and analyze documents produced in this (and other) litigation from any Microsoft Windows-based computer with an internet connection. Using this in-house system allows Robbins Geller and its co-counsel a greater ability to pour over extensive and important document collections, provides greater control over infrastructure security, and has reduced the time and expense associated with developing and maintaining electronic discovery databases. In antitrust cases like these, there is a high likelihood that hundreds of thousands of documents, communications, transaction records and other electronically stored information will be produced. With extensive resources such as these at their disposal, the Robbins Geller and Israel David team can most effectively and efficiently prosecute these cases.

## III. CONCLUSION

For the reasons stated above, plaintiffs respectfully request that the Court: (i) consolidate the *Berger* and *Guerin* cases; and (ii) appoint Robbins Geller and Israel David as Interim Co-Lead Class Counsel in the consolidated action.

DATED: December 29, 2022                    Respectfully submitted,

                                                               ROBBINS GELLER RUDMAN
                                                                     & DOWD LLP
                                                                     DAVID W. MITCHELL (admitted *pro hac vice*)
                                                                    STEVEN M. JODLOWSKI (admitted *pro hac vice*)


                                                                             s/ David W. Mitchell
                                                                              DAVID W. MITCHELL

                                                                    655 West Broadway, Suite 1900
                                                                   San Diego, CA 92101
                                                                   Telephone: 619/231-1058
                                                                   619/231-7423 (fax)
                                                                   davidm@rgrdlaw.com
                                                                   sjodlowski@rgrdlaw.com

                                                                   ROBBINS GELLER RUDMAN
                                                                   & DOWD LLP
                                                                   ROBERT M. ROTHMAN
                                                                   58 South Service Road, Suite 200
                                                                   Melville, NY 11747
                                                                   Telephone: 631/367-7100
                                                                   631/367-1173 (fax)
                                                                   rrothman@rgrdlaw.com

                                                                   Attorneys for Plaintiff Toni Guerin and the
                                                                   Proposed Class, No. 1:22-cv-07423

Dated:  December 29, 2022                ISRAEL DAVID LLC
                                         ISRAEL DAVID
                                         BLAKE HUNTER YAGMAN
                                         HAYLEY LOWE
                                         MADELINE SHEFFIELD


                                              s/ Israel David
                                         ISRAEL DAVID

                                         17 State Street, Suite 4010
                                         New York, New York 10004
                                         Telephone:  212/739-0622
                                         israel.david@davidllc.com
                                         blake.yagman@davidllc.com
                                         hayley.lowe@davidllc.com
                                         madeline.sheffield@davidllc.com

                                         Attorneys for Plaintiff Katrina Berger and the
                                         Proposed Class, No. 1:22-cv-07374

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on December 29, 2022, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the email addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

s/ Israel David
ISRAEL DAVID

ISRAEL DAVID LLC
17 State Street, Suite 4010
New York, New York 10004
Telephone: 212/739-0622

Email: israel.david@davidllc.com

4880-1185-1333.v1

# Mailing Information for a Case 1:22-cv-07374-AMD-TAM Berger v. JetBlue Airways Corporation et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Alexandra P. Clark**
  alexandra.clark@lw.com,alexandra-clark-4246@ecf.pacerpro.com,ny-courtmail@lw.com,new-york-ma-2860@ecf.pacerpro.com

- **Matthew L. Craner**
  matthew.craner@shearman.com,managing-attorney-5081@ecf.pacerpro.com,courtalert@shearman.com,manattyoffice@shearman.com

- **Jessica Kornhauser Delbaum**
  jessica.delbaum@shearman.com

- **Allyson M. Maltas**
  allyson.maltas@lw.com

- **Seung Paik**
  seung.paik@lw.com,seung-wan-andrew--paik-5877@ecf.pacerpro.com,ny-courtmail@lw.com,new-york-ma-2860@ecf.pacerpro.com

- **Richard F. Schwed**
  rschwed@shearman.com,managing-attorney-5081@ecf.pacerpro.com,courtalert@shearman.com,manattyoffice@shearman.com

- **Marguerite Sullivan**
  marguerite.sullivan@lw.com,ny-courtmail@lw.com,marguerite-sullivan-6830@ecf.pacerpro.com

- **Jesse Aaron Vella**
  jesse.vella@lw.com,ny-courtmail@lw.com,new-york-ma-2860@ecf.pacerpro.com,jesse-vella-4487@ecf.pacerpro.com

- **Blake Hunter Yagman**
  blake.yagman@davidllc.com,Blake.yagman@davidllc.com,BYagman@ecf.courtdrive.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- `(No manual recipients)`