February 13, 2023

**VIA ECF**

Hon. Ann M. Donnelly
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:   *In re American Airlines/JetBlue Antitrust Litigation*, Lead Case No. 1:22-cv-07374 (AMD-TAM) (Consolidated with Case No. 1:22-cv-07423-AMD-TAM)

          This Document Relates To All Actions

Dear Judge Donnelly,

      Defendants JetBlue Airways Corporation ("JetBlue") and American Airlines Group Inc. ("American") are writing to (1) notify the Court of a similar putative class action complaint filed against American and JetBlue regarding their alliance (the "Northeast Alliance") in the U.S. District Court for the District of Massachusetts on February 2, 2023,[1] and (2) respectfully request, in light of this later-filed action, that the Court vacate the current schedule for Defendants' response to Plaintiffs' consolidated amended complaint and set a deadline of 14 days from the date of this letter for Defendants to propose an amended briefing schedule or otherwise inform the Court of how Defendants request to proceed. Plaintiffs advised that they do not consent to the relief sought in this letter.

      The current schedule required Plaintiffs to file their consolidated amended complaint on February 3, 2023 and requires Defendants to respond to that complaint on March 8, 2023. However, the parties stipulated that if additional complaints were filed, "the parties will seek the Court's approval to modify the above-proposed schedule to accommodate any such subsequent filings." Dec. 23, 2022 Letter Motion from Plaintiff Katrina Berger to the Court (ECF No. 21), at 3. An additional complaint has now been filed. On February 2, 2023, one day before Plaintiffs filed their consolidated amended complaint in this case, Plaintiff Dianne Buehler filed a putative class action complaint against JetBlue and American in the U.S. District Court for the District of Massachusetts. The *Buehler* complaint—like this consolidated action—alleges violations of the Sherman Act arising from the Northeast Alliance.[2] In light of the substantial similarity of this later-filed action to the instant case and Defendants' desire to avoid responding to a complaint that may soon not be the operative complaint and/or inconsistent rulings, potential duplicative discovery, and unnecessary expenditure of judicial resources, Defendants are evaluating how to

---

[1] *Buehler v. JetBlue Airways Corporation and American Airlines Group Inc.*, 1:23-cv-10281 (D. Mass., Feb. 2, 2023).

[2] In her December 23, 2022 Letter Motion to the Court (ECF No. 21), Plaintiff Katrina Berger characterized *Berger* and *Guerin* as "substantively identical because they are 'follow-on' private litigations to the United States Department of Justice's ('DOJ's') and plaintiff states' pending lawsuit against American and JetBlue in the U.S. District Court for the District of Massachusetts. *United States v. American Airlines Group Inc., et al.*, Case No. 1:21-cv-11558-LTS (D. Mass)." *Buehler* also constitutes private litigation that is a follow-on to that lawsuit.

proceed, including potentially moving to transfer or consolidate the cases. Moreover, the parties are uncertain at this time if additional related complaints will be filed, in this Court or any other. Accordingly, Defendants respectfully request that the Court vacate the current schedule and set a deadline of 14 days from the date of this letter for Defendants to propose an amended schedule for their response to Plaintiffs' consolidated amended complaint or otherwise inform the Court of how Defendants request to proceed.

This Court of course has inherent power to "control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Cunningham v. Shore Funding Sols. Inc.*, No. 2:17-cv-2080-ADS-AKT, 2018 WL 1115151, at *1 (E.D.N.Y. Feb. 27, 2018) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)).[3] Courts in this Circuit recognize the efficiency gained by setting a schedule that allows for coordination among related actions. *See, e.g.*, *Royal Park Invs. v. Bank of Am. Corp.*, 941 F. Supp. 2d 367, at 373 (S.D.N.Y. 2013) ("[C]ourts in this Circuit have recognized that stays pending transfer 'will . . . conserve judicial resources' . . . ." (quoting *North v. Merck & Co.*, No. 05-cv-6475L, 2005 WL 2921638, at *2 (W.D.N.Y. Nov. 4, 2005)); *Animal Sci. Prods., Inc. v. Hebei Welcome Pharm. Co.*, No. 05-cv-453-DGT, 2005 WL 3555926, at *1 (E.D.N.Y. Dec. 23, 2005) (reasoning that "valuable judicial resources will be preserved" in staying the proceedings pending resolution of a Multidistrict Litigation application). Given the similarities between this consolidated action and *Buehler*, a brief stay of the current schedule is in the interest of judicial economy, as it will permit the parties in both cases to determine the most efficient approach to litigating these actions (and any that may be subsequently filed).

Accordingly, Defendants respectfully request that the Court vacate the current schedule for Defendants' response to Plaintiffs' consolidated amended complaint and set a deadline of 14 days from the date of this letter for Defendants to provide either a proposed amended briefing schedule or a proposal for how Defendants otherwise request to proceed.

Respectfully submitted,

/s/ Marguerite M. Sullivan
Marguerite M. Sullivan (admitted *pro hac vice*)
LATHAM & WATKINS LLP

*Counsel for Defendant American Airlines Group Inc.*

---

[3] *See also Vertucci v. Orvis*, No. 3:05-cv-1307-PCD, 2006 WL 1688078, at *6 (D. Conn. May 30, 2006) ("[T]his Court may stay this case . . . to promote the efficient use of judicial resources[] and pursuant to its inherent authority to effectively manage its docket."); *Readick v. Avis Budget Grp., Inc.*, Case No. 12-cv-3988-PGG, 2014 WL 1683799, at *6–7 (S.D.N.Y. Apr. 25, 2014) (granting the defendant's motion to stay proceedings because "a stay of this action would further interests of judicial economy"); *Catskill Mountains Chapter of Trout Unlimited, Inc. v. E.P.A.*, 630 F. Supp. 2d 295, 304 (S.D.N.Y. 2009) (concluding that a stay "will best serve the interests of the courts by promoting judicial efficiency").

*/s/ Matthew L. Craner*
Matthew L. Craner
SHEARMAN & STERLING LLP

*Counsel for Defendant JetBlue Airways Corporation*

cc: All Counsel of Record (via ECF)